UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE KLA-TENCOR CORPORATION SECURITIES LITIGATION | Master Case No. C 06-4065 CRB <br><br> <u>CLASS ACTION</u> <br><br> **CONFIDENTIALITY STIPULATION AND [PROPOSED] ORDER REGARDING CONFIRMATORY DISCOVERY MATERIALS** |

The KLA Pension Fund Group, comprised of the Police and Fire Retirement System of the City of Detroit ("PFRS"), the Louisiana Municipal Police Employees' Retirement System ("MPERS"), and the City of Philadelphia Board of Pensions and Retirement ("Philadelphia") (collectively, "Lead Plaintiffs"), by and through their counsel Berman DeValerio Pease Tabacco Burt & Pucillo; Kohn, Swift & Graf, P.C.; Berger & Montague, P.C.; and Trujillo Rodriguez & Richards LLC as Co-Lead Counsel (collectively, "Lead Counsel" or "Plaintiffs' Lead Counsel"), and KLA Corporation ("KLA"), by and through their counsel Morgan, Lewis & Bockius LLP (collectively, "KLA counsel"), hereby stipulate and agree, pursuant to Federal Rule of Civil Procedure 26(c), to this Confidentiality Agreement and Order ("Agreement") in *In re KLA-Tencor Corporation Securities Litigation*, Case No. C 06-4065 ("Litigation") pending in the

United States District Court for the Northern District of California (the "Court").

Lead Plaintiffs, through Plaintiffs' Lead Counsel, and KLA, through KLA counsel, reached an agreement in principle for the settlement of the Litigation, on the terms set forth in a Memorandum of Understanding signed on January 4, 2008 (the "MOU"); the proposed settlement is subject to Court approval.

In light of both the MOU, which outlines the general terms of the proposed settlement and is intended to serve as the basis for a Stipulation of Settlement and accompanying papers (collectively, the "Stipulation of Settlement"), and the Stipulation of Settlement currently being drafted, Lead Plaintiffs and Plaintiffs' Lead Counsel and KLA and KLA counsel have agreed that certain materials shall be produced as confirmatory discovery solely for the purpose of evaluating the settlement value of claims and potential claims against the Defendants in the Litigation. KLA contends that all materials produced in this action as part of this confirmatory discovery are confidential and proprietary in nature requiring protection and limitation as to use:

IT IS HEREBY AGREED:

1. **Confirmatory Discovery Material**. All discovery documents previously produced in connection with the Litigation settlement discussions shall be considered Confirmatory Discovery Material. Documents produced by KLA to Lead Plaintiffs hereafter in connection with Lead Plaintiffs' confirmatory discovery requests shall be considered Confirmatory Discovery Material. Additionally, the following shall also be considered Confirmatory Discovery (1) a list of all stock option grants KLA determined through its restatement had incorrect measurement dates, were retroactively priced, or otherwise improperly granted, and (2) a proffer of evidence as to the awareness, if any, of management or KLA's board members of these acts or practices. Confirmatory Discovery Material shall also include any information copied or extracted from such documents, as well as copies, excerpts, summaries, or compilations thereof.

2. **Use of Confirmatory Discovery Material**. Except as set forth in Paragraph 9 below, all Confirmatory Discovery Material described in Paragraph 1 above, and any information

contained therein or derived therefrom, shall be used only in this action and no other litigation or proceeding; shall be used solely for the purpose of evaluating the settlement value of claims and potential claims against the Defendants in the Litigation and the accuracy of any representations made in connection with the settlement, and for no other purpose; and shall not be disclosed to anyone, except counsel in this action, non-testifying consultants in this action who are bound to preserve the confidentiality of such materials, or Jonathan B. Marks of MarksADR, the mediator jointly designated by Lead Plaintiffs and KLA, provided that nothing herein shall preclude Lead Counsel from disclosing Confirmatory Discovery Material or its contents to any Lead Plaintiff, subject to such Lead Plaintiff's agreement in writing to be bound by this Stipulation. Confirmatory Discovery Material may not be used to draft an amended complaint, pleading, or other court filing or for any purpose other than evaluating the settlement value of claims and potential claims against the Defendants and the accuracy of representations made in connection with the settlement in the Class Action Litigation. No Confirmatory Discovery Material may be filed with the Court or attached as exhibits to any complaint or form the basis of any complaint. Notwithstanding anything to the contrary contained herein, Confirmatory Discovery Material may be disclosed to the Court *in camera*, if necessary to support the proposed settlement, the plan of allocation or the fee application of Lead Counsel.

3. **Return and/or Destruction of Confirmatory Discovery Material**. Within thirty (30) days after the settlement agreement has been approved by the Court and the Effective Date has occurred and all matters relating to the plan of allocation, the settlement, and fees and expenses are finally resolved, all Confirmatory Discovery Material and copies thereof, including Confirmatory Discovery Material in the hands of non-testifying consultants, shall either be returned to counsel of record for the producing party or destroyed. All Plaintiffs' Lead Counsel's and Lead Plaintiffs' non-testifying consultants' internal work product that contain Confirmatory Discovery Material, including copies, excerpts, summaries, or compilations thereof, shall be destroyed, or the Confidential Confirmatory Discovery Material deleted therefrom. Plaintiffs' Lead Counsel shall certify in writing within (30) days after the settlement agreement has been

1-SF/7674948.1

approved by the Court and the Effective Date has occurred and all matters relating to the plan of allocation, the settlement, and fees and expenses are finally resolved that such documents have been returned or destroyed, or the Confidential Confirmatory Discovery Material deleted therefrom.

4. **No Waiver of Privileges or Protections from Disclosure**. KLA and Lead Plaintiffs agree that the Confirmatory Discovery Material includes voluminous electronic data, collected pursuant to various search terms applied to numerous custodians of data. All parties acknowledge that, while KLA is making appropriate effort to identify and withhold from production any documents that KLA believes are privileged or otherwise protected from disclosure, given the large volume and nature of the material being exchanged and the time-frame in which it is being produced, there is a possibility that privileged or otherwise protected material may be produced inadvertently. Accordingly, in order to facilitate the production of Confirmatory Discovery Material and in furtherance of the parties' joint interests in connection with the Stipulation of Settlement, Lead Plaintiffs and KLA understand and agree that, to the extent that the Confirmatory Discovery Material may include materials subject to the attorney-client privilege, work product doctrine or other applicable privilege or protection from disclosure, the production of such Confirmatory Discovery Material is not intended to, and shall not, waive or diminish in any way the confidentiality of such material or its continued protection under the attorney-client privilege, work product doctrine or any other applicable privilege or protection from disclosure. The parties further agree that, if KLA at any time notifies Lead Plaintiffs that any Confirmatory Discovery Material is subject to a claim of privilege or other protection from disclosure, or if Lead Plaintiffs discover that such material has been inadvertently produced, Lead Plaintiffs shall return the specified information, testimony, or documents and any copies they have, to KLA within five (5) business days of receipt of such notice or discovery and shall not use or disclose such items for any purpose. Additionally, the parties agree that any failure by KLA either to provide notice to Plaintiffs' Lead Counsel that particular Confirmatory Discovery Material is subject to a claim of privilege or other protection from disclosure or to request the

1 return of such Confirmatory Discovery Material will not waive the claim of privilege or other
2 protection from disclosure as to that Confirmatory Discovery Material.

3      5. **Information Not Subject to the Terms of this Agreement**.  This Agreement has
4 no effect upon, and shall not apply to, a party's use or disclosure of its own privileged or
5 otherwise protected information for any purpose.  Nothing contained herein shall impose any
6 restrictions on the use or disclosure by a party of documents, information or material obtained
7 lawfully by such party independently of this Agreement.

8      6. **Entire Agreement**.  This Agreement contains the entire agreement between Lead
9 Plaintiffs and KLA regarding its subject matter.

10      7. **Execution**.  This Agreement may be signed in counterparts, each of which shall be
11 deemed an original but all of which shall be deemed to constitute a single instrument.

12      8. **Jurisdiction**.  All persons who have access to information or material produced
13 according to this Agreement acknowledge that they are bound by this Agreement and submit to
14 the jurisdiction of this Court for purposes of enforcing this Agreement.

15      9. **Survival**.  Final termination of this proceeding shall not terminate the limitations
16 on use and disclosure imposed by this Agreement, which shall remain in effect until the parties
17 agree otherwise or the Court otherwise directs provided, however, that nothing herein limits Lead
18 Plaintiffs' ability to use any designated Confirmatory Discovery Material that is subsequently and
19 independently produced in discovery in later proceedings.

20      10. **Preservation of Discovery and Termination Provision**.  In the event that the
21 settlement of the Action is not approved or is otherwise terminated in accordance with the MOU
22 or Stipulation of Settlement, nothing in this Stipulation shall preclude Lead Counsel from
23 hereafter seeking any documents or information from defendants, or preclude defendants from
24 objecting to any request by Lead Counsel for such documents or information, in accordance with
25 the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995.
26 Nothing in this Stipulation shall affect the

27
28

5    Stipulation And [Proposed] Order Regarding
Confirmatory Discovery Materials
(06-4065 CRB)

1-SF/7674948.1

preservation obligations of any party under Section 21D(b)(3)(C) of the Exchange Act, 15 U.S.C. §78u-4(b)(3)(C).

IT IS SO STIPULATED:

DATED March 6, 2008                MORGAN, LEWIS & BOCKIUS LLP

By: _____/s/_____
     Joseph E. Floren

**Attorneys for Defendants KLA-Tencor Corporation, Edward W. Barnholt, H. Raymond Bingham, Robert J. Boelke, Robert T. Bond, Richard J. Elkus, Jr., Jeffrey L. Hall, Stephen P. Kaufman, John H. Kispert, Michael E. Marks, Dean O. Morton, Lida Urbanek and Richard P. Wallace**

DATED: March 6, 2008              **BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO**
JOSEPH J. TABACCO, JR.
CHRISTOPHER T. HEFFELFINGER
NICOLE LAVALLEE
LESLEY HALE

By: _____/s/_____
     Nicole Lavallee

425 California Street, Suite 2100
San Francisco, CA 94104-2205
Telephone: (415) 433-3200
Facsimile: (415) 433-6382

**Plaintiffs' Executive Committee and Liaison Counsel**
**KOHN, SWIFT & GRAF, P.C.**
Denis F. Sheils
Joseph C. Kohn
William E. Hoese
One South Broad Street, Suite 2100
Philadelphia, PA 19107
Telephone: (215) 238-1700
Facsimile: (215) 238-1968
Email: dsheils@kohnswift.com
Email: jkohn@kohnswift.com
Email: whoese@kohnswift.com

**BERGER & MONTAGUE, P.C.**
Sherrie R. Savett
Gary E. Cantor
Douglas M. Risen
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
Email: ssavett@bm.net
Email: drisen@bm.net

**TRUJILLO RODRIGUEZ & RICHARDS LLC**
Kenneth I. Trujillo
Ira Neil Richards
Kathryn C. Harr
1717 Arch Street, Suite 3838
Philadelphia, PA 19103
Telephone: (215) 731-9004
Facsimile: (215) 731-9044
Email: KITrujillo@trrlaw.com
Email: ira@trrlaw.com
Email: kharr@trrlaw.com

**Plaintiffs' Executive Committee**

**IT IS SO ORDERED:**

Dated: March 7, 2008

_____
THE HONORABLE CHARLES R. BREYER
JUDGE OF THE UNITED STATES
DISTRICT COURT

*IT IS SO ORDERED*
*Judge Charles R. Breyer*
(United States District Court, Northern District of California seal)