1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE KLA-TENCOR CORP. SECURITIES LITIGATION | Master File No. C-06-04065-CRB |
| | CLASS ACTION |
| | **FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |
| THIS DOCUMENT RELATES ONLY TO: | |
| Case No. 06-4065 CRB | |
| Case No. 06-4709 CRB | |
| Case No. 06-5225 CRB | |

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Order") dated June 5, 2008, on the application of the parties for approval of the Settlement set forth in the Stipulation of Settlement dated as of May 9, 2008 ("Stipulation").  Due and adequate notice having been given to the Settlement Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.     This Final Judgment and Order incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.     This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Settlement Class.

3.     "Settlement Class" shall mean Lead Plaintiffs and all Persons and entities in any capacity (whether individual, class, representative, legal, equitable or otherwise) who purchased or otherwise acquired securities of KLA-Tencor Corporation ("KLA") (including without limitation common stock and call options) during the Settlement Class Period either directly or by dividend re-investment, and their respective executors, administrators, representatives, agents, attorneys, successors, heirs and/or assigns.  Excluded from the Settlement Class are the Defendants; all individuals who are either current executive officers and/or directors, or who served as executive officers and/or directors of KLA at any time during the Settlement Class Period; members of the immediate families and heirs, successors or assigns of the foregoing; and any firm, trust, corporation, or other entity in which any Defendant has a controlling interest.  Also excluded from the Settlement Class are persons who have timely requested exclusion from the Settlement Class pursuant to the terms of this Stipulation or order of the Court.  Those persons or entities eligible for membership in the Settlement Class who timely submitted valid requests for exclusion from the Settlement Class are identified on Exhibit 1.  Those persons or entities are not bound by this Final Judgment and Order.

4.      Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, just, reasonable and adequate to the Settlement Class.  The Court finds that certification of the Settlement Class for settlement purposes only is appropriate because:

(a)      The Settlement Class is so numerous that joinder of all members is impracticable, satisfying the requirements of Rule 23(a)(1);

(b)      There are questions of law or fact common to the Settlement Class, satisfying the requirement of Rule 23(a)(2);

(c)      The claims of the Lead Plaintiffs, the KLA Pension Fund Group, comprised of the Police and Fire Retirement System of the City of Detroit, the Louisiana Municipal Police Employees' Retirement System, and the City of Philadelphia Board of Pensions and Retirement, are typical of the claims of the Settlement Class, satisfying the requirement of Rule 23(a)(3);

(d)      The representative parties will fairly and adequately protect the interests of the Settlement Class, satisfying the requirement of Rule 23(a)(4); and

(e)      Questions of law and fact common to the members of the Settlement Class predominate over questions affecting only individual members and a class action is superior to other methods available for the fair and efficient adjudication of the controversy, satisfying the requirements of Rule 23(b)(3).

The findings in this Paragraph 4 are for purposes of this Settlement only, and shall have no force or effect for any other purpose or if this Final Judgment and Order does not become final.

5.      The Court hereby approves the Settlement set forth in the Stipulation and finds that:

(a)      said Stipulation is, in all respects, fair, reasonable and adequate and in the best interest of the Settlement Class;

(b)      there was no collusion in connection with the Stipulation;

(c)      the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

(d)      the record is sufficiently developed and complete to have enabled the Lead Plaintiffs and Defendants to have adequately evaluated and considered their positions.

6.      Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.  The Court hereby dismisses the Complaint, the Litigation, and all Settled Class Claims of the Settlement Class with prejudice, without costs as to any Settling Party, except as and to the extent provided in the Stipulation, any separate order on attorneys' fees or reimbursement of expenses, and herein.

7.      The Court finds that the Stipulation and Settlement are fair, reasonable and adequate as to each of the Settling Parties, and that the Stipulation and Settlement are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

8.      Upon the Effective Date hereof, the Lead Plaintiffs shall, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Settled Class Claims against the Released Persons, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release.

9.      All Settlement Class Members are hereby forever barred and enjoined from prosecuting any of the Settled Class Claims against any of the Released Persons.

10.     Upon the Effective Date hereof, Defendants and the Related Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Settled Defendants' Claims against each and all of the Settlement Class Members, Lead Plaintiffs, Plaintiffs' Lead Counsel and counsel to the plaintiffs.

11.     Upon the Effective Date hereof, each of the Defendants and their Related Parties shall be deemed a "settling covered person" entitled to the protections and benefits of the Private Securities Litigation Reform Act of 1995, 15. U.S.C. §78u-4(f)(7)(A), and all past, present, or future claims for contribution against any of the Defendants by any person arising out of the Class Actions, or the Settlement thereof, are hereby forever barred.  All Defendants are hereby permanently barred, enjoined, and restrained from commencing, prosecuting or asserting any such claim for contribution against any other Defendant or Related Party based upon, relating to, or arising out of the Settled Class Claims.

12.     The Notice of Pendency and Proposed Settlement of Class Action given to the Settlement Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Settlement Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process as well as the requirements of the Private Securities Litigation Reform Act.  In addition, the requirements of the Class Action Fairness Act, 28 U.S.C. §1715, have been satisfied.

13.     Any Plan of Allocation submitted by Plaintiffs' Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect the Final Judgment and shall be considered separate from this Final Judgment and Order.

14.     Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Settled Class Claims, or of any wrongdoing or liability of the Defendants, or their respective Related Parties, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  Released Persons may file the Stipulation and/or the Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15.     Without affecting the finality of this Final Judgment and Order in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest and expenses in the Litigation; (d) any award of expenses to Lead Plaintiffs; and (e) all parties hereto for

the purpose of construing, enforcing and administering the Stipulation.

16.     The Court finds that, during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

17.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to KLA, then this Final Judgment and Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

18.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19.     There is no reason for delay in the entry of this Final Judgment and Order of Dismissal with Prejudice and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: September 26, 2008                     _____/s/_____

THE HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

**<u>EXHIBT 1</u>**

**SETTLEMENT OPT-OUTS**

1.  Ohman Jean Burris Living Trust, Phyllis L. Zimmerman, Trustee

2.  John D. Lynch

3.  Craig Kiefer, Trustee, Kiefer Family Trust

4.  Etta Coxie Jackson

5.  Alden W. Eaton & Lerrita M. Eaton, Trustees

6.  The Wicklow Trust